1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7              FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   THEIN TONY VU,

10            Petitioner,                 CIV-S-01-1249 DFL CMK P

11        v.

12   DERRAL G. ADAMS, Warden, et          MEMORANDUM OF OPINION
                                                AND ORDER
13   al.,

14            Respondents.

15

16

17        Petitioner Thein Tony Vu was convicted in state court on

18   December 16, 1998 of numerous crimes, including conspiracy to

19   commit murder and attempted murder.  (Answer at 4.)  Vu now

20   brings this petition for a writ of habeas corpus pursuant to 28

21   U.S.C. § 2254, asserting two grounds for relief: (1) on its own

22   initiative, the trial court should have instructed the jury on

23   lesser included offenses; and (2) the evidence presented at

24   trial was insufficient to support Vu's conviction for conspiracy

25   to commit murder.  Vu also requests an evidentiary hearing on the

26   issues he raises here.  Respondent has filed an answer, and

     petitioner has filed a traverse.

                                  1

1    The facts of petitioner's case are well known to the

2  parties, so the court will not repeat them here.  On June 19,

3  2000, the California Court of Appeal denied petitioner's appeal,

4  considering and rejecting both of the arguments petitioner raises

5  here.  Because the California Supreme Court summarily denied

6  petitioner's request for review, the Court of Appeal's ruling is

7  the last reasoned state court decision.

8    The Court of Appeal rejected petitioner's argument regarding

9  the lesser included offense instructions, finding that the

10  evidence at trial did not support instructions on either

11  attempted voluntary manslaughter or conspiracy to commit

12  voluntary manslaughter.  (Answer Ex. B at 6.)  Although

13  California state courts must, on their own initiative, instruct

14  juries on lesser included offenses, they need only do so "when

15  there is evidence from which a jury could reasonably conclude

16  that the lesser offense, but not the greater, was committed."

17  (Id. at 3.)

18    According to the court, "[t]he record is devoid of evidence

19  from which a jury could reasonably conclude that defendant acted

20  rashly in a heat of passion at the time of the shooting at the

21  house."  (Id. at 6.)  The alleged "provocation" took place two

22  days before the shooting and was directed not at Vu, but at the

23  family he was staying with.  (Id.)  In addition, Vu's activities

24  during the day of the shooting -- including "hanging" and

25  "kicking back" at his friend's house and "cruising around" in the

26  car for several hours -- did not support the theory that he acted

1   under provocation.   (Id. at 13; Rep.'s Tr. at 232, 235.)

2   Finally, neither petitioner nor his friends had been threatened

3   or otherwise put in immediate danger on the day of the shooting.

4   (Answer Ex. B at 13.)

5        The court also noted that the evidence of Vu's intent to

6   "settle the score" suggested a motive of revenge, which "is not

7   an acceptable passion under the heat of passion theory."   (Id. at

8   7.)   Rather, it suggested planning on the part of petitioner and

9   the other perpetrators, "which exemplifies reason rather then

10  heated passion."   (Id.)   For these reasons, the court held that

11  the trial court did not err in failing to give instructions on

12  attempted voluntary manslaughter and conspiracy to commit

13  voluntary manslaughter.   (Id. at 7-8.)

14       The court also found that there was sufficient evidence of

15  petitioner's intent to kill to support his conviction for

16  conspiracy to commit murder.   The court focused on four portions

17  of the statement Vu made to the police on the night of the

18  shooting: (1) petitioner's stated reason for shooting at the

19  house was because "[Saechao] was up in there," (2) his admitted

20  role as the "back-up man" who would kill Saechao if he came out

21  of the house alive, (3) his statement that he only wanted to kill

22  Saechao, and (4) his expression of his intent to kill Saechao if

23  he saw him again. (Id. at 9-10.)

24       Petitioner's challenge to the jury instructions fails in the

25  first instance because a trial court's decision not to instruct

26  on lesser included offenses does not present a federal

1  constitutional question in non-capital cases, unless the failure

2  to instruct interferes with the defendant's "right to adequate

3  instructions on his or her theory of defense." <u>Bashor v. Risley</u>,

4  730 F.2d 1228, 1240 (9th Cir. 1984).  Here, petitioner neither

5  requested instructions on voluntary manslaughter nor argued at

6  trial that he acted in a "heat of passion."  (Rep.'s Tr. at 586-

7  88, 617, 620, 623, 633.)  In such circumstances, the trial

8  court's decision not to give the jury voluntary manslaughter

9  instructions did not hinder petitioner's ability to present his

10  theory of the defense.  <u>Bashor</u>, 730 F.2d at 1240.  Therefore, the

11  court's decision on this issue does not present a constitutional

12  question, and it cannot be challenged in this federal habeas

13  corpus proceeding.  <u>Id.</u>

14      In addition, the State Court of Appeal's rulings on both of

15  petitioner's arguments are not contrary to, or an unreasonable

16  application of, clearly established federal law.[1]  The court

17  reasonably found no evidence of "a sudden quarrel or heat of

18  passion," which was required to support an instruction on

19  voluntary manslaughter.  Cal. Penal Code § 192(a); <u>People v.</u>

20  <u>Breverman</u>, 19 Cal.4th 142, 162-63, 77 Cal.Rptr.2d 870 (1998).

21  The court also reasonably found that there was sufficient

22  evidence of petitioner's guilt at trial to support his conviction

23  for conspiracy to commit murder.

24

25      [1]  Petitioner's habeas petition "was filed after the

26  effective date of, and is thus subject to, the Anti-Terrorism and
Effective Death Penalty Act."  <u>Weaver v. Thompson</u>, 197 F.3d 359,
362 (9th Cir. 1999).

4

1    Finally, neither of the issues raised by petitioner warrants

2  an evidentiary hearing. There are no disputed issues of fact that

3  require resolution by evidentiary hearing.

4    For these reasons, petitioner's petition for a writ of

5  habeas corpus is DENIED.

6    IT IS SO ORDERED.

7  Dated: June 27, 2005

8

9

10

11                                DAVID F. LEVI
                                  United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5